DELGADO, PLAINTIFF AND APPELLANT, *v.* ACEVEDO ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action of
Unlawful Detainer.

No. 2671.—Decided April 6, 1922.

PURCHASE AND SALE—UNLAWFUL DETAINER.—In this case a compromise judg-
ment was entered whereby the parties agreed that the plaintiff should pay
the defendants the sum of $15 on the condition that within three months
and at their expense they would remove from the plaintiff's property a
small house belonging to them. According to the third clause it was also
agreed ''that the said sum of $15 is the price fixed for the said house and
that if the defendants fail to comply with the obligation of removing the
house within the time mentioned the house will become the property of the
plaintiff, who will pay to the defendants the said sum of $15.'' The plain-
tiff paid the $15 to the defendants and the house not having been removed
within the time agreed upon, he brought an action of unlawful detainer
against them. *Held:* That the language of the third clause shows a pur-
chase and sale consummated by the payment of the price and the expira-
tion of the term, and that an action of unlawful detainer can be maintained.

EVIDENCE — JUDGMENT — ESTOPPEL. — In accordance with section 59 of the Law
of Evidence a judgment is conclusive as between the parties and evidence
is not admissible to prove stipulations which do not appear from the judg-
ment.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellant.

The appellees did not appear by attorney.

MR. JUSTICE ALDREY delivered the opinion of the court.

As a consequence of an action brought by Miguel Delgado
against Sotera Acevedo and Ernesto Rivera for the per-
formance of a contract of sale by them to him of a small
house built of palms and roofed with thatch which the de-
fendants had built in good faith on land belonging to the
plaintiff, the parties effected a compromise which they pre-
sented in writing to the court, as follows: ''In the District
Court for the Judicial District of Arecibo, P. R.—Miguel
Delgado, plaintiff, vs. Sotera Acevedo and Ernesto Rivera,
defendants. Civil No. 6320.—Specific Performance.—Judg-
ment.—When this case, which comes up on appeal from the
Municipal Court of Arecibo, was called for trial before this

district court, the parties presented to the court the following proposed compromise: 'The plaintiff by attorney Mercader and the defendants by attorney Brusi, all being present, inform the court that they have agreed upon a compromise and move for judgment in the following terms: 1st. The defendants agree to remove the small frame house described in the third count of the complaint at their expense and within three months from this date.—2nd. Upon their removing the house from the property of the plaintiff, the latter will pay to the defendants the sum of $15.—3rd. The said sum of $15 is the price fixed for the said house and if the defendants fail to comply with the obligation of removing the house within the time mentioned, the house will become the property of the plaintiff who will pay to the defendants the said sum of $15.' " Judgment was entered on July 12, 1921, in conformity with the terms of the said compromise.

After three months and some days had elapsed from the date of the judgment, Miguel Delgado brought an action of unlawful detainer in the District Court of Arecibo against Sotera Acevedo and Ernesto Rivera, alleging that he was the owner of the land on which the said house was built and also of the house, because he had paid the defendants the $15 to which the judgment by compromise referred and because three months from the date of the judgment had elapsed and the defendants had not vacated the house and were not paying any rent for it.

The judgment was adverse to the plaintiff and he took the present appeal. Only the appellant has appeared in this court.

The grounds of the judgment of the court below were that it did not consider that by virtue of the compromise the plaintiff acquired a right of dominion ownership to the house occupied by the defendants; that the so-called compromise is not really a compromise, because its characteris-

ties are rather those of a promise of sale; that according to witness Nicomedes Rivera, who participated in the compromise on behalf of the defendants, there was an omission from the compromise of the agreement of plaintiff Delgado that if the defendants did not find a house within the three months he would permit them to remain there as supernumeraries; that the plaintiff did not show that he was the usufructuary of the property on which the house was built, or that he was in possession of it in any capacity which entitled him to its use, and that the plaintiff had by his own acts in attempting to purchase the house admitted that the defendants were the owners of it, and he did not prove that he was the owner of the land on which the house was built.

It is true that the plaintiff admitted that the defendants were the owners of the house and for that reason he agreed in the compromise to pay them $15 for removing it from the property; but it was also agreed that if they did not remove the house from the property within the period of three months, the house should become the property of the plaintiff, who would pay them that amount, and as he did pay it, the house became his property. The third clause of the agreement is positive and clear and is not susceptible of being interpreted other than as a sale consummated by the payment of the price and the lapse of the time agreed upon.

The ownership of the house being established, its owner, even if he had not been the owner of the land, had a right of action to evict the tenants at sufferance who were paying him no rent; but the plaintiff did prove also by his own testimony and that of Lucas Rodríguez, a witness called by the defendants, that he was the owner of the land on which the house stood, and the defendants themselves admitted that he was such owner when in the second clause of the compromise they agreed "that upon their removing the house from the property of the plaintiff * * * ."

The defendants attempted to prove by the testimony of

Nicomedes Rivera that besides the stipulations contained in the compromise the parties agreed upon another, which was omitted, to the effect that if the defendants did not find a house to move into within ninety days, the plaintiff would permit them to continue living in the house as supernumeraries. The plaintiff objected to the admission of this testimony and we think he was right, because, according to section 59 of the Law of Evidence, the compromise judgment was conclusive between the parties with respect to the stipulations of the compromise. Furthermore, even taking this testimony into account, the result would be that the defendants remained in the house as supernumeraries, which means that they lived in the house without paying any rent for it, and under these circumstances the plaintiff also had a right to bring an action of unlawful detainer against them.

As we do not find that the grounds on which the trial court dismissed the complaint are meritorious, and as we find no other reason against the right asserted, we are of the opinion that the judgment appealed from should be reversed and substituted by another sustaining the complaint.

*Reversed and substituted.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.